ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Oct-15  15:16:15
60CV-20-5741
C06D17 : 6 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
### CIVIL DIVISION

**MARSHALL L. NASH**                                             **PLAINTIFF**

**VS.**

**LITTLE ROCK HOUSING AUTHORITY D/B/A MHA
LITTLE ROCK BOARD OF COMMISSIONERS**           **DEFENDANTS**

### <u>COMPLAINT</u>

Comes now the Plaintiff, Marshall L. Nash, pro se, with his Complaint against Defendants, states:

1. Plaintiff, Marshall L. Nash, is a resident of Pulaski County, Arkansas.

2. Defendant, Little Rock Housing Authority is organized pursuant to Arkansas Code Annotated §14-169-201, et. seq., with its principal place of business in the City of Little Rock, Pulaski County, Arkansas.

3. Defendant Little Rock Housing Authority Board of Commissioners is a five (5) member board whose stated role is to establish goals, approve policy and budgets, and provide general direction to the Little Rock Housing Authority Executive Staff.

4. Plaintiff worked for Defendants (Little Rock Housing Authority and/or Board of Commissioners) from Feb 2014 until his time of resignation on April 12, 2019.

5. Defendants, by and through members of the Little Rock Housing Authority Board of Commissioners, communicated to Federal Investigators that Plaintiff had been suspended and/or placed on Unpaid Administrative Leave. **See exhibit 1**

6. Defendants communicated to Federal Investigators that Defendants had a Board meeting on April 9, 2019.

7. Defendants communicated to Federal Investigators that Plaintiff refused to attend the April 9, 2019 meeting.

8. Defendants communicated to Federal Investigators that the Board Members voted unanimously to place Plaintiff on Unpaid Administrative Leave.

9. Defendants communicated to Federal Investigators that Plaintiff resigned while on Unpaid Administrative Leave on April 12, 2019.



10. Plaintiff was never placed on Unpaid Administrative Leave.

11. Plaintiff was never coached, counseled, suspended or disciplined in any manner during his employment with MHA.

12. Plaintiff was not invited to a Board meeting on April 9, 2019.

13. There was no Board Meeting on April 9, 2019.

14. Plaintiff worked during all points and times during the dates in controversy, i.e. April 8, 2019 through April 12, 2019.

15. Plaintiff was present for all interviews regarding the vacancy of the Executive Director position during the dates in controversy i.e. April 8 through April 12, 2019.

16. Plaintiff was present for the interviews of Kim Adams during the week in controversy and subsequently the interview of Nadine Jarmon.

17. Plaintiff was present along with all Little Rock Housing Authority employees for interviews, Question and Answer sessions and presentations from candidates Kim Adams and Nadine Jarmon.

18. Plaintiff, at the end of the work day and the day of the interview of Nadine Jarmon, April 12, 2019 tendered his resignation which outlined his reason for leaving the organization.

19. Plaintiff, called Board Members Monique Sanders and Lee Lindsey, since they were not in the building and told them of his plan to resign prior to presenting it to Board Members Leta Anthony and Kenyon Lowe.

20. Sanders and Lindsey, expressed surprise and asked that I not resign because Plaintiff was "doing a great job, please reconsider".

21. Plaintiff met with Board Members Kenyon Lowe and Leta Anthony with HR Assistant Ilana McKinney present and tendered his resignation.

22. Board Members Lowe and Anthony stated that they had to vote to accept the resignation.

23. Plaintiff communicated to Lowe and Anthony that his employment was not indentured servitude or slavery and that he was free to resign without the permission of the Board.

24. Board Members Lowe and Anthony insisted that they needed to vote to accept the resignation anyway.

25. Plaintiff communicated that regardless of any voting outcome that today was his last day since it was clear they have a more than qualified candidate to replace the former Executive Director.

26. Defendants communicated to Federal Investigators that Plaintiff was placed on Administrative Leave.

27. Federal Investigators wrote the statement in an official report.

28. The official report was given to Defendants and ultimately media personnel.

29. The statement regarding Plaintiff's employment status of Administrative Leave or suspension was printed in articles for public consumption. **See Exhibit 2**

30. The false statement regarding Plaintiff's employment status, i.e. Administrative Leave is memorialized into perpetuity via the internet.

31. Plaintiff's reputation has been injured.

32. Plaintiff's future earning capacity has been damaged.

33. Plaintiff's ability to secure future employment has been negatively impacted.

34. Plaintiff's ability to secure clients has been negatively impacted.

35. Plaintiff has been embarrassed and publicly shamed and humiliated into perpetuity.

36. Plaintiff has been and continues to be subjected to mental anguish, pain and suffering, anxiety, loss of sleep, family dysfunction and emotional distress as a result of the false statement and written communications.

37. Defendant Little Rock Housing Authority and Little Rock Housing Authority Board of Commissioners are jointly and severally liable for the damages caused to the Plaintiff.

38. As a direct and proximate result of Defendants' defamation of Plaintiff, Plaintiff has suffered injury to reputation and loss of income, both past and future.

39. The Defamatory Statements of the Defendants were intentional, with malice and/or with reckless disregard as to whether they were false; consequently the Plaintiff is entitled to punitive damages in addition to damages suffered.

40. Defendants' action in publishing the libelous and defamatory statements were intended to cause emotional distress to the Plaintiff and were such that the Defendants knew or should have known they would cause emotional distress and clearly exceeded the bounds of common decency as would normally be observed in Pulaski County Arkansas or any civilized community.

41. Defendants' conduct toward Plaintiff was willful, wanton, and malicious carried out both with flagrant indifference to the rights of the Plaintiff and with subjective awareness that such conduct would result in harm, for which Defendants are answerable in punitive damages.

42. Defendants' blatantly false statements to Federal Investigators is a federal crime punishable by imprisonment, and it stands the reason that the victim of such crimes (Plaintiff) should be compensated with actual damages, presumed damages and punitive damages.

43. Plaintiff's profession and income generation is largely and/or wholly dependent upon his reputation in the industry of employee relations, employment law, human resources management, compliance and the legal profession. Defendants' false statement(s) injured Plaintiff's reputation in each of these industries and their subsets in the past, present and into perpetuity.

WHEREFORE, Plaintiff, Marshall L. Nash, prays this court award him $15,000,000 in compensatory damages (actual and/or presumed) and $25,000,000 in punitive damages, totaling $40,000,000.

Respectfully Submitted,

Marshall L. Nash #94110
Pro Se
300 A Oneida Street
Jacksonville, AR 72075
501-765-7921
NashForJudge@gmail.com

## CERTIFICATE OF SERVICE

I certify that a copy of this complaint was served upon the Executive Director for the Defendant Little Rock Housing Authority and the Agent/Special Advisor for the Board of Commissioners, Dr. Nadine Jarmon via hand delivery and or certified mail on October 16, 2020.

Marshall L. Nash

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
OFFICE OF INSPECTOR GENERAL

# REPORT OF INVESTIGATION

**Case Number:** 2019SW008634I

On March 22, 2019, the pending HUD OIG audit of a HUD program at the MHA was reviewed and discussed (**Exhibit 12**). The auditor indicated Nash was not present in the office during their on-site audit.

**DISPOSITION:**

On Tuesday, April 9, 2019, the MHA board voted unanimously to place Nash on unpaid administrative leave. Nash was requested to attend the board meeting, but failed to attend.

On Friday, April 12, 2019, Nash resigned his employment with the MHA and the board accepted.

This report will be provided to the complainant, the employer, and the Secretary as required by the statute.

**EXHIBITS:**

1. 20190223 HUD Public and Indian Housing Information Center printout
2. 20181216 Email discussing complainant
3. 20190306 Documentary support of compensatory damages
4. 20190212 Dana Arnette interview
5. 20190403 Leta Anthony interview
6. 20190403 Marshall Nash interview
7. 20190225 Dana Arnette interview
8. 20190227 MHA Handbook Review
9. 20190307 OLC Guidance
10. Whistleblower Complaint Consent
11. 20190311 Arnette file
12. 20190322 HUD OIG Audit

Plaintiff's Exhibit #1
(one)

This report is the property of the Office of Investigation. It contains neither recommendations nor conclusions of the Office of Inspector General. It and its contents may not be reproduced without written permission. This report is FOR OFFICIAL USE ONLY and its disclosure to unauthorized persons is prohibited. Public availability to be determined under 5 U.S.C.§ 552,552a.

9/30/2020
Case 4:20-cv-01320-LPR   Document 2   Filed 11/09/20   Page 6 of 6
Little Rock housing authority kept mum on then-exec's leave; vote held in private raises legal issue

We're here with you. In support of public health, we're continuing to keep our vital coronavirus content available to all readers.

But the vote did not take place in public.

## Daily Email Newsletter

Stay connected and informed with NWADG.com news updates delivered to your inbox.

Email Address

Sign Up

A U.S. Department of Housing and Urban Development office of inspector general report, sparked by a former employee's whistleblower complaint, states that the Metropolitan Housing Alliance's board of commissioners voted unanimously April 9 to put Nash, who was serving as the "special adviser" to the board, on administrative leave.

An *Arkansas Democrat-Gazette* reporter waited in the lobby of the housing authority offices for about seven hours that day while the board reportedly met with a job candidate in private.

ADVERTISING



[WEEK IN LR: Catch up with the biggest stories from Arkansas' capital city in this free newsletter » arkansasonline.com/emails/this-week-lr]

After that private session, commissioners met in public for close to 40 seconds, during which Chairwoman Leta Anthony announced a recommendation to continue the interview process for the next two candidates. No mention was made in public of a vote to put Nash on administrative leave.

The vote on Nash came to light when the newspaper obtained the federal report last week, documenting the latest in a history of incidents in which the housing agency's board has skirted the Arkansas Freedom of Information Act.

"There's no such thing as a private vote," said Robert Steinbuch, a professor at the W.H. Bowen School of Law at the University of Arkansas at Little Rock and co-author of the *Arkansas Freedom of Information Act* textbook.

Plaintiff's Exhibit #2 (Two)